BRYAN SCHRODER
United States Attorney

KYLE REARDON
ANNE VELDHUIS
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: Kyle.Reardon@usdoj.gov
         Anne.Veldhuis@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DARIN SCHILMILLER, a/k/a "Babe," )<br>a/k/a "Tyler," and DENALI )<br>BREHMER, a/k/a "Angel," )<br><br>Defendants. )<br>_____ ) | No. 3:19-cr-00058-SLG-DMS |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

**[FILED ON SHORTENED TIME]**

COMES NOW the United States of America, by and through undersigned counsel, and hereby seeks a protective order regarding Personal Identifying Information (PII) and the identification of the names of victims, minors, cooperators, or confidential human sources (CHSs) pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Specifically, the United States is seeking to protect from disclosure PII and the name of any victim, minor, or cooperator. The reason for this request is for the privacy and safety of victims and witnesses. This motion is unopposed by counsel for Defendant Darin Schilmiller and is being filed on shortened time to effectuate the prompt disclosure of discovery.

The Court has authority to issue the requested order under Federal Rule of Criminal Procedure 16(d). Rule 16(d), entitled "Protective and Modifying Orders," vests courts with the authority, "[a]t any time" and upon a showing of "good cause," to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Rule 16(d) authorizes the issuance of protective orders not only to protect the trial rights of the parties, but also to protect the privacy interests of non-party witnesses and co-conspirators. *E.g.*, *United States v. Patkar*, 2008 WL 233062 (D. Hawaii Jan. 28, 2008).

Accordingly, the United States hereby seeks a protective order that prohibits counsel for Defendant Schilmiller, defense investigators, or experts or consultants specifically retained by defendant's counsel (hereinafter "Defense Team") from providing copies of the discovery to the defendant that shows or identifies any victim, minor, cooperator, or CHS, or that otherwise contains PII of any individual. Specifically,

Govt. Mot. for Protective Order
*United States v. Schilmiller, et al.*
3:19-cr-00058-SLG-DMS
Page 2 of 5
Case 3:19-cr-00058-SLG-DMS   Document 43   Filed 08/15/19   Page 2 of 5

the United States also requests that any audio or video recording in which a victim, minor, cooperator, or CHS is identified in any way, speaks, or is otherwise depicted, or able to be identified, not be provided to the defendant. The Defense Team may review the above-described discovery with Defendant Schilmiller, but the defendant may not be given copies of discovery that has not been redacted.

For purposes of this motion, PII includes the following:

- Financial numbers
- Date of birth
- Social Security Number
- Home address
- Phone number
- Email address and any other social media contact information

Further, the United States requests that the order require all members of the defense team to make a good faith effort to prevent unauthorized distribution of discovery containing PII (*i.e.*, the defense team may not leave the discovery unattended in a place where others not associated with the defense team may view the discovery.) Counsel for the defendant does not oppose this motion.

<u>"Good Cause" Exists to Restrict Discovery</u>

Fed R. Crim. P. 16(d)(1) provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.

"Good cause" exists in this case because of the need to protect PII and the names of victims, minors, cooperators, or confidential human sources (CHSs). Limiting the

Govt. Mot. for Protective Order
*United States v. Schilmiller, et al.*
3:19-cr-00058-SLG-DMS

disclosure of this information will have a minimal impact that would have on the defendant's ability to review the discovery in this case. In addition, disclosure of discovery pursuant to this protective order will allow for a timely release of information that might otherwise be delayed through a lengthy redaction process that runs the risk of missing PII or other sensitive information. Disclosure under the terms of this protective order also allows the United States to provide defense counsel with a redaction-free copy of the discovery, thereby making it less difficult to review and discuss the discovery with their client.

Furthermore, limiting disclosure of PII and names and images of victims and minors is consistent with the Crime Victim's Rights Act, *see* 18 U.S.C. § 3771. The CVRA gives victims the right to be "reasonably protected from the accused," and "to be treated…with respect for [their] dignity and privacy." 18 U.S.C. 3771(a)(1), (8). Withholding PII and victim identifiers ensures a greater level of protection for these rights than might otherwise be available without the protective order.[1]

Defense counsel may share discovery with Defendant Schimiller's defense counsel in *State of Alaska vs. Schilmillerr*, Case No. 3AN-19-05966CR, provided that his state defense counsel and any defense investigators, or experts or consultants specifically retained by defendant's state defense counsel agrees to abide by the protective order.

---

[1] In addition, Fed. R. Crim. P. 49.1 prohibits the public filing of any document containing a broad category of personal information, including a minor's name. This proposed protective order is consistent with the general trend of seeking to protect PII and other sensitive information, particularly information in cases involving minors.

Govt. Mot. for Protective Order
*United States v. Schilmiller, et al.*
3:19-cr-00058-SLG-DMS

<u>CONCLUSION</u>

The United States submits that there is good cause to restrict discovery in this

fashion and that the Court enter an order restricting discovery.

RESPECTFULLY SUBMITTED this 15th day of August 2019, at Anchorage,

Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Anne Veldhuis*
ANNE VELDHUIS
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2019, a true and correct
copy of the foregoing was served electronically on the
following:

Brian Heady, Esq.

*s/ Anne Veldhuis*
ANNE VELDHUIS
Assistant United States Attorney
United States of America

Govt. Mot. for Protective Order
*United States v. Schilmiller, et al.*
3:19-cr-00058-SLG-DMS